Filed 8/10/22  P. v. Andrews CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>SHAWN LEE ANDREWS,<br><br>    Defendant and Appellant. | C095628<br><br>(Super. Ct. No. 62180757) |

Appointed counsel for defendant Shawn Lee Andrews asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

In July 2021, police saw defendant driving his car at about 85 miles per hour and pulled him over.  A methamphetamine pipe was in plain view, and defendant indicated there were drugs in the car.  Police searched the car and found 0.98 pounds of methamphetamine, $1,480 in cash in a wallet, and a loaded .22-caliber revolver.  Police

1

also found a baggie containing 0.34 pounds of methamphetamine and three unused baggies.

Following testimony from the officer and defendant and review of a dashcam video of the incident, the trial court denied defendant's motion to suppress the fruits of the officer's search. The trial court based its decision on the automobile exception because the officer testified he saw the methamphetamine pipe, and the video showed the officer looking at the area where he said he saw the pipe.

Later that month, defendant pleaded no contest to possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a) -- count one), transportation of a controlled substance for sale (Health & Saf. Code, § 11379, subd. (a) -- count two), and being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)[1] -- count four) The remaining charges were dismissed. The trial court sentenced defendant to state prison for an aggregate term of two years eight months, as follows: two years on count one, two years concurrent on count two stayed pursuant to section 654, and eight months on count four. The trial court ordered defendant to pay a $300 restitution fine (§ 1202.4, subd. (b)), a $300 parole revocation fine (§ 1202.45), an $80 court operations assessment (§ 1465.8, subd. (a)(1)), and a $60 criminal conviction assessment (Gov. Code, § 70373).

Defendant did not obtain a certificate of probable cause.

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of

---

[1] Undesignated statutory references are to the Penal Code.

the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


_____/S/_____
MAURO, Acting P. J.


We concur:


_____/S/_____
KRAUSE, J.


_____/S/_____
EARL, J.